Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6178 | **DATE** | 7/31/2002 |
| **CASE TITLE** | Alford vs. Henderson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants defendants' motion for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | AUG 02 2002 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| JD | courtroom deputy's initials | date mailed notice |
| | Date/time received in Central Clerk's Office | mailing deputy initials |

ARTHUR L. ALFORD, )
)
    Plaintiff, )
)
v. ) 00 C 6178
) Judge George M. Marovich
WILLIAM J. HENDERSON, Postmaster )
General; United States Postal )
Service, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Arthur L. Alford ("Alford") filed an amended six-count Complaint against William J. Henderson, Postmaster General and the United States Postal Service ("Postal Service") (collectively "Defendants"), alleging disability discrimination in violation of The Americans with Disabilities Act, 42 U.S.C.A. §12101, *et seq.* ("ADA")(Count I); and racial discrimination (Counts II, III, V and VI), sexual discrimination (Count II) and retaliation (Count IV) in violation of 42 U.S.C. § 2000(e)(1)(1994)("Title VII"). Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Court grants Defendants' Motion for Summary Judgment.

## BACKGROUND

Unless otherwise noted, the following facts are not in dispute. Arthur L. Alford has worked as a mail carrier for the

Postal Service since 1973. During the relevant time the alleged claims arose, he worked at Morain Valley, an Illinois Postal Facility ("Morain Valley Post Office"). In 1982, he slipped and fell on the job, resulting in a back injury. He continued carrying mail for about a year after his fall and then he worked placing letters in a sequence for carriers ("casing mail"). As a result of his injury, he was placed on "limited duty" and was restricted to work two hours per day at first, and then later four hours per day. Since May 1983, Alford has not worked more than four hours per day. However, through the Office of Workers' Compensation Programs ("OWCP"), he continues to receive pay for eight hours per day. In 1990, he was told by the Postal Service he was no longer allowed to case mail due to his disability, but instead he should sort mis-sent mail. Also, in 1990, Alford was not allowed to take part in a rehabilitation program.

Additionally, in January 1997, Alford's supervisor announced that those who wanted to work the holiday schedule and were able to deliver mail on January 20, 1997 were to sign a sheet. Alford signed this sheet, but the supervisor only chose people who were able to deliver mail. Subsequently, Alford's supervisor again announced that those who wanted to work the holiday schedule and were able to work a full eight-hour shift on February 17, 1997, were to sign up. Again, Alford was not chosen from the list because the supervisor only chose people who could work the full eight-hour shift.

2

Alford sought EEO counseling on March 31, 1997. On August 7, 1998, Alford filed a formal EEO claim alleging he was discriminated against due to his race and disability which was why he was not allowed into a rehabilitation program or allowed to work either aforementioned holiday. The Postal Service denied his claims on September 7, 1999, because Alford failed to timely seek EEO counseling within 45 days of his first two claims. His third claim, involving the February 17, 1997 holiday schedule, was denied because he failed to show that he was treated differently than similarly situated employees, that the Postal Sevice failed to reasonably accommodate his disability and that the Postal Service's decision was pretext for discrimination.

On October 8, 1999, Alford appealed this EEO decision to the Equal Employment Opportunity Commission ("EEOC"). On February 8, 2000, the EEOC affirmed the EEO result and denied Alford's Request for Reconsideration of that decision on July 10, 2000 (which was received by Alford on July 17, 2000). On October 6, 2000, Alford filed his complaint in district court. The Defendants moved to strike the complaint, which was granted. On January 17, 2001, Alford filed an amended complaint.

## DISCUSSION

### I. Summary Judgment Standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

3

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II. Title VII Discrimination Claims

Alford brings Counts II, III, V and VI alleging racial discrimination and Count II alleging gender discrimination under Title VII. It is well-settled that there are two methods for demonstrating discrimination under Title VII. Under the first method, a plaintiff can offer direct proof of discriminatory intent to meet his burden of proof. Von Zuckerstein v. Argonne Nat'l Lab, 984 F.2d 1467, 1472 (7th Cir. 1993). Alternatively, the indirect or burden-shifting method, originally described in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973), requires a plaintiff to initially establish a prima facie case of racial and sex discrimination. Id. To establish a prima facie case of discriminatory treatment, Alford must show that: (1) he is a member of a protected class; (2) he performed his job

satisfactorily; (3) he suffered an adverse employment action; and (4) the Post Office treated similarly-situated employees more favorably. See McDonnell Douglas, 411 U.S. at 802.

This presumption then shifts the burden to the defendant to produce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). The plaintiff must then prove that the "legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id., 450 U.S. at 253. Alford has offered no direct evidence of discrimination and apparently seeks to establish discrimination through the indirect method of proof.

Nevertheless, this Court need not resolve whether Alford has properly made out a prima facie case of discrimination where it can decide the case on other issues. Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391 (7th Cir. 1997); EEOC v. Our Lady of the Resurrection Med. Ctr., 77 F.3d 145, 149 (7th Cir. 1996)("[T]his court may advance to an ultimate issue in a summary judgment analysis and consider the discrimination question notwithstanding a dispute over a fact necessary for a prima facie case"). "A plaintiff can prove that an employer's proffered reasons for an employment decision are pretextual by one of two methods: (1) by showing that a discriminatory reason more likely than not motivated the employer ... or (2) that the

5

employer's proffered explanation is unworthy of credence." Mills v. First Fed. Say. & Loan Ass. of Belvidere, 83 F.3d 833, 845 (7th Cir. 1996)(quoting Kraulman v. Ill. Dept. Of Veterans' Affairs, 23 F.3d 150, 156 (7th Cir. 1994)).

Alford claims that the Postal Service has discriminated against him due to his gender and he asserts a general claim that he has been continuously discriminated against due to his race throughout his career with the Postal Service. Specifically, Alford asserts that he was discriminated against based upon his race and gender when he was transferred back to the Moraine Valley Post Office, after an illegal transfer to another postal facility, and his paperwork was deliberately not sent to the OWCP office accordingly. As a result, he claims that he suffered a 7% loss of Wage-Earning Capacity. However, the documentation that Alford provided (letters from the U.S. Department of Labor Claims Examiner) illustrates that he was not entitled to a change in pay upon his return, and therefore his claim is not valid. Additionally, Alford has provided no proof that Richard J. Little, his supervisor at the time (or any successor supervisor), deliberately failed to submit this paperwork based upon any discriminatory motive. Hence, because Alford has not adequately shown a pretext of discrimination by the Postal Service, these claims are dismissed.

III. ADA Claim

Furthermore, Alford brings Claim I alleging he was discriminated against due to his disability. Similar to Title VII, the McDonnell Douglas burden shifting analysis is applied to establish a prima facie case of discriminatory treatment under the ADA. DeLuca v. Winer Industries, Inc., 53 F.3d 793, 797 (7th Cir. 1995). Therefore, Alford must show that: (1) he is a member of a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the Postal Service treated similarly-situated employees more favorably. See McDonnell Douglas, 411 U.S. at 802. However, as with the Title VII claims, this Court may proceed directly to the question of whether Alford has presented evidence sufficient to create a genuine issue of fact with regard to pretext.

Alford points to two occasions where he was allegedly discriminated against due to his disability--on January 20, 1997 and February 17, 1997. On both these dates, although he signed up to work the holiday shifts, he was not selected to work. He claims this was due to his disability. This Court agrees with both the EEO and EEOC decisions in regards to these incidents. Specifically, because Alford did not timely seek EEO counseling within 45 days of the first date, January 20, 1997, this claim is barred. Ward v. West, No. 97 C 8024, 1998 WL 778053, at *2 (N.D.Ill. Nov. 3, 1998); See 29 C.F.R. §1614.105(a)(1). As to the February 17, 1997 holiday, that claim also fails because

7

Alford did not adequately show that Defendants did not reasonably accommodate his disability as a result of a discriminatory motive.

The Court cannot find that not allowing Alford to work four extra hours on one day fits into the category of discrimination. Reasonable accommodation is not tantamount to any accommodation a complainant desires. See Carter v. Bennett, 651 F.Supp. 1299, 1301 (D.D.C. 1987). As Alford admits, Michael T. Clifford ("Clifford"), the supervisor involved in selecting who worked the February 17, 1997 holiday, made a general announcement that he was only looking for employees who could work a 8-hour full day, which appears to be a reasonable request. Moreover, Clifford submitted an affidavit that states that the only employees chosen to work these two days were volunteer letter carriers. He further stated that Alford was not selected because he believed that these duties were outside Alford's medical limitations. For these reasons, the Court cannot find that the Postal Service's reason for its denial of work on one holiday was a pretext for discrimination because of his disability.

IV. Title VII Retaliation Claim

Alford also alleges that he was retaliated against at a hearing in 1993 (Count IV). This claim fails because it was not raised in the EEO/EEOC complaints. "Generally, a Title VII plaintiff may bring only those claims that were included in his EEOC charge, Cheek v. Western & Southern Live Ins. Co., 31 F.3d

8

497, 501 (7th Cir. 1994), or that are 'likely or reasonably related to the allegations of the charge and growing out of such allegations.'" McKenzie v. Illinois Dept. Of Transp., 92 F.3d 473, 482 (7th Cir. 1996)(quoting Jenkins v. Blue Cross Mut. Hosp. Ins., 538 F.2d 164, 167 (7th Cir. 1976)). Therefore, the Court must determine whether there is a relation between the allegations in the EEO/EEOC complaints and the retaliation claim. "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." Id. (quoting Cheek, 31 F.3d at 501). The retaliation claim does not implicate the same people or speak of the same conduct as was raised in the EEO or EEOC complaints. In fact, there is no mention of the 1993 hearing at all in the EEO or EEOC complaints. Because the retaliation could have been alleged at the time of filing these complaints, this claim is barred.

V. Constitutional Claim

Lastly, Alford asserts a constitutional claim alleging his Fifth Amendment rights were violated when he was allegedly discriminated against. However, Alford has brought his employment discrimination claims under Title VII, which is an exclusive remedy. "Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and

9

procedures-administrative and judicial-by which improper action may be redressed." Ellis v. U.S. Postal Service, 784 F.2d 835, 839 (7th Cir. 1986)(citing Bush v. Lucas, 462 U.S. 367, 385 (1983)). "There was no need, therefore, for the Court to augment this comprehensive scheme by creating an alternative judicial remedy for the constitutional violation." Id., 462 U.S. at 389. Therefore, Alford's constitutional claim is dismissed accordingly.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion For Summary Judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: July 31, 2002